The Upper East Side High School, BW. Good morning, Your Honors. May it please the court, my name is Larry Walensky and I'm appearing on behalf of the appellant, B.T. Holdings, LLC. This appeal is before you because in applying the rightness requirements to the federal claim in this case, the district court erred by failing to accord any importance to the Chester Code, which make it clear that without zoning regulations in place, no meaningful application can be submitted. Is all this land vacant land? Yes, sir. Your Honor. Although you didn't include it in the record on appeal, we went to the Village of Chester website because you assert curiously in your brief and in your complaint that this, like I say at page 7, you say not a single case has been cited where a takings claim was alleged on a property that has no zoning at all. Are you saying to me that this vacant land has no zoning on it? This vacant land between, had no zoning at the time of this appeal as of June 30th of this year after the briefs that were perfected. So there were no restricted uses for the land on the property? No zoning. There were no... No activity means no regulation. You know, a million years ago I was a village attorney and this is, are you, are you asserting that there was, I've read your brief, I've looked at it, I've looked at your complaint and you use the words, I presume you're being careful, no zoning at all. That is absolutely correct, Your Honor. So then you could do anything you want to on it. That is not... Why? Why? What restricts you? The village code itself. What aspect of the village zoning ordinance stops you? Section 98-2 of the village zoning code, which says that the village zoning for the village of Chester is the comprehensive plan for the entire village. It was annexed, but apparently not rezoned in accordance with the village zoning ordinance. But be that as it may. Did you file an application for a multiple use, a multi-residential building project? We did not, but we could not because we could not file a meaningful application without any regulations in place. Did you formally petition the village board to apply a zoning district to BT's property? The village board... Yes or no? Did we formally petition? Yes. The village board. We requested the village board apply the RMN zoning to the property. That's a different question, as you know. I'm asking, did BT formally petition the village board to apply a zoning district to BT's property? It did not formally petition, Your Honor, because... And that's what it's supposed to do under the... That is not... I'm sorry, Your Honor, I need to give you a little contextual background. Thank you. No, I appreciate that. I'm confused. Okay. So... The way that... There was a four-year... Your Honor, during the annexation proceeding, there was a four-year process that was put into place. During that four years process, the village established a zoning for the property called RMN. It was a village-initiated zoning that BT worked with the village on in establishing it for the property and determining what the appropriate land use should be for that property upon annexation. At the time the property was annexed, the village changed its mind. It just reversed course. And instead of applying that RMN zoning, it simply decided that it would not apply any zoning at that time. So there was... We kept requesting that the zoning be applied. We worked with the village for an alternate zoning, but in the end, they just simply decided on November 3rd, 2014, not to assign any zoning to the property. So there was no petition that the village board formally denied? No petition that the village board formally denied, correct. But if you'd done that, then you would have had an Article 78 if it had been arbitrary and capricious. You would have had something to measure it against. There's a large-bodied New York law that you could have invoked remedies against the village there, but you end up in federal court saying it's a complete taking. Well, Your Honor, we allege a complete taking because the village code says that you cannot use or occupy the property without there being zoning. But you'd never formally applied for a zoning of the property. And by the way, if they denied it and then said, no, you can only use single-family residence here, you don't have a takings claim because you may want to do something with it, but the fact that you don't get what you want doesn't mean you have a takings claim. I don't disagree with that assertion. So all you had to do was... This thing's been going on for 12 years. Why didn't you simply make a formal petition for zoning, for a zoning designation? If they then refused your formal petition or if they then refused and said, no, there'll be no development in this area, then A, you've got an Article 78 dead nuts winner in state court and you've got a takings claim, but you didn't make a formal application. I understand what... I understand the context that you got it in, but if you'd made the formal application, then you would have satisfied the ripeness issue. You may have felt the dice were loaded against you, but if you'd made the formal application, then you'd have something to butt up against your Fifth Amendment claim, wouldn't you? I don't... Again, Your Honor, under the facts of the situation, this was a zoning initiated by the village, the RMN zoning. The village made an affirmative decision not to apply it. It left us with no zoning at all and nothing to apply for. Let me ask you, if you succeed, if you are successful in state court on your specific performance claim and you get the RMN zoning district and have it applied to the property, what's for us to adjudicate? I guess what I'm driving at is maybe perhaps it's premature for us. Maybe it's premature for you to bring a regulatory takings claim when, if you succeed on your state law breach of contract claim, then maybe there's not much for us to do, if anything. That may be true if they do grant specific performance. If they don't grant specific performance, then it would not be true. If they do, then what would the regulatory takings be in that circumstance? There would be no take except for the fact that we've been sitting there without the ability to use the property for three years, almost three years. The regulatory taking would be the temporary taking between the time that the village affirmatively said no until the time that that relief was granted. I'm not trying to be harsh on you, but it seems to me, and I don't think the village qualifies for a friends of the developer of the year award here. I see that there was tension between the town and the village when the village was initially you got a settlement out of that, and then the village flipped on you, didn't want you to do what you could do. From our perspective, the claim has to be definite, it has to be ripe, it has to be clear that it's over in the sense that you can't get anything else from them. That's why I was being a little tough on you about asking you about the formal application, because that would have crystallized it. It would have said, okay, that's it. They're not going to allow this at all, or they're not going to allow any development. That was the point of my question. I wasn't intending to be difficult on you, but it is clear you could have made the petition, but your answer is you chose not to do so because you felt the die was cast, right? Not because the die was cast, but we had actually asked, while we didn't submit a form that We said you have to zone this property. We met with them for over a year and a quarter trying to have them zone the property. They took an affirmative action to not zone the property. In the village, when they were denying the change, didn't they say that you could develop it consistent with their multiple residence designation already? They did not. Not in the record? In fact, no. Okay. Your Honor, can I just ... Sure. Well ... Ten seconds. Ten seconds. Okay, sure. Yeah. In fact, not only did they say no to that, but they actually declared that the RM zoning, which was the existing zoning district, they made a motion to deny application of that to the property as well. We were left totally with zero zoning. Thank you. You'll have a couple of minutes in rebuttal. May it please the court, good morning. My name is Mary Marzola. I'm from the law firm of Farrick, Lynch, McCartney, and Nugent, and we represent the village in this action. We respectfully submit that Judge Seibel's decision should be affirmed in all respects for many reasons, and particularly the reasons cited by this court today, that there was no formal application. That's different from what the court determined, right? They were focused on the planning board. That is correct. And our question here is focused on the village board, right? Yes, Your Honor. So under the village code, can either the planning board or the ZBA apply zoning to a property in the first instance? I do not believe so, Your Honor, but I do believe that the ZBA has the petitioner could have made an application to the ZBA under their posture, seeking an interpretation of the code and seeking advice as to how they should apply, how they could apply, and I think... But the village board is the only body that can apply zoning to a parcel, is that correct? I believe that is true, Your Honor. It's through the petition for an amendment to the zoning map or through the petition for an amendment to the zoning text. Well, can the planning board grant a building permit for a property that has no zoning district? I believe the process would... The planning board doesn't issue permits. I believe that's the building inspector. So I think a process that could have been followed is they could have initiated the informal process with the planning board under the code, and they could have received direction and elicited opinions about how they could proceed in this. As the court points... The logic suggests that there should be, correct me if I'm misunderstanding, a zoning district before a property owner could apply for a permit or a variance. I respectfully disagree. I think that zoning regulations are one of many land use tools that are available to in place here, such as the site plan review, subdivision review, planning boards, and... There has to be a grittiness, which you can measure what you can and can't do with your land. When it's not zoned, it's either the Wild West, you can do anything you want to with your land. Your opponent says no, Section 98 of the Zoning Ordinance prohibits that, but I'm astounded. How long was this property not zoned? When did the annexation occur? The annexation occurred, I believe the stipulations were issued in June of 2013, and I think the annexations went through in October of 2013. The annexation plan didn't have within it a specific determination as to how the property would be designated within this village code, did it? It did not, and there's no requirement under the law to issue zoning or apply zoning to the annexed property within a certain period of time. I understand that, but this would be the definition of spot zoning if there were no allowed use on this property, and it's completely... I have the map. It's completely... Well, it's not completely surrounded, but everywhere else within the village is a permitted use. This is the definition of spot zoning. So I don't understand. What took the village so long to figure out what... You say ex post ante now that it's now been rezoned? No, Your Honor. I think the village wanted to get it right, and they wanted not to run... I think they've taken them a while. Well, they wanted to get it right, and so they took the time to do that. In the meantime, they recognized... They're still taking the time, right? I mean, is there any zoning in place right now as of today? I think the village recognized from the outset that there was a vested right to zoning, and after that and since that, they've since studied the area and have passed zoning as of, I believe, this past June. No 28J letter from you giving us the hint of that or any assistance whatsoever. Why don't you do that? I apologize, Your Honor. We're supposed to be in the dark about this. Leave the judges in the dark. They only have to decide the fate of this. Give them no help whatsoever. I apologize. That's my error, Your Honor. So how is it zoned now? It's zoned... Not that it matters. An RS technology overlay district with new residential single family zoning and internet incubator technology and research park overlay. I apologize again, Your Honor. On a side point, I wondered about... Go ahead. On the state claims, state law claims, why wasn't there or was there a diversity jurisdiction? You have a Delaware company suing the village. The state court dismissed for want of original jurisdiction, not wanting to exercise, not wanting to adjudicate the supplemental claims, but I wondered, wasn't there a diversity jurisdiction? I don't believe the plaintiff ever asserted that, and I believe that the plaintiff waived that and wanted to proceed in the state court. So once the federal cause of action was dismissed, the plaintiff really went forward full steam ahead in state court, and we're actually scheduled for trial in January, and we will keep the court apprised. Thank you very much, Your Honors. We didn't speak about the futility exception at all. So I just wanted to mention one thing because I think the facts of this case drive that Again, our position is that we were unable to make a meaningful application because there were no regulations in place, and we believe it's unfair to place a property owner in a position of having to submit an application where the rules of the road are essentially not there. It imposes a tremendous amount of risk, and it's something that in many years of practicing land use law, I've certainly never seen. But the other part The problem with the futility argument under Williamson isn't the problem that there needs to be a final decision by the governmental entity that has responsibility, in this case, the village board. My understanding, Your Honor, there needs to be at least one meaningful application, but there doesn't have to necessarily be a final decision. The futility exception is essentially an exception because the courts have held that the rightness requirements should not be applied mechanically, and it's a prudential rule. So the futility is an exception to the requirement of obtaining a final determination here, and it's clearly futile. I mean, if we put this in the context of- Well, what effect, if it's now zoned, as we've just heard, what effect does that have on your position? Well, clearly now that it's zoned, the claim is over, Your Honor. But there's a temporary take. The period of time that we had no use of the property or was unable to use the property is a valid claim under federal law. Is it a retrospective damages claim? It's not a retrospective. It's called a temporary taking, and it's allowed under federal law. It's a valid claim under federal law. But no 28-K letter from you either to let us know that somehow your theory might be changing, right? Yes. Yeah. The answer's yes. Yes. So, but even to have a temporary taking, you'd have to show that it was a complete taking, that there was no use you could put to it, and you'd have to show that you'd made other applications for lesser uses where you had other types of opportunities to use the property. The simple fact that you couldn't use it for what you wanted to use it for doesn't make it a taking, does it? Well, but clearly if the zoning says you cannot use or occupy the property- I understand that, but my point was is that for futility, you had a ruling with regard to the housing or the multi-use that you wanted to put it to, multiple-use housing. But you'd never ask them, say, okay, if you won't zone it for that, you won't honor your earlier agreement. Zone it for single-family residences, and we'll agree to that. And you'd have to have them say no to that then. You'd have to have them say no to a number of things for which the property was appropriately suited to be used, wouldn't you? To A, establish futility, and B, establish a taking even of a temporary nature. I don't know why we would have to do that if there's a specific provision in the code that expressly states you cannot use or occupy- So if you wanted to frack gas wells there, and they said no, we're not going to zone it for that, you'd have a taking even though the land was perfectly usable for single-family residences? Not at all. No, I'm just referring to the statute itself, Your Honor, and what it said during that period of time that we were subjected to no zoning. If there is, I say this to both sides, if there is anything that should have been in a 28J letter, I'd like it by tomorrow morning at 9 a.m. Thank you. Yes, Your Honor. Okay. Thank you. Thank you. Thank you for- Thank you.